# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA NEWELL, | ) |
| Plaintiff, | ) Case No. 2:13-cv-00123-RCJ-NJK |
| vs. | ) **ORDER** |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

Pending before the Court is Defendant's Motion to Exclude All Evidence Regarding Plaintiff's Damages Claims for Loss of Household Services, Past and/or Future Wage Loss, and Future Medical Expenses, Pursuant to FRCP 37(c)(1). (Docket No. 15). The Defendant has marked this motion as an "Emergency Motion."

Pursuant to LR 7-5, emergency motions must include:

> A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action. The statement also must state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded. It shall be within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.

Here, Wal-Mart indicates that this matter is an emergency because the rebuttal expert deadline closes May 22, 2013, and the discovery deadline closes July 21, 2013. Docket No. 15, Exhibit A. However, Wal-Mart has failed to indicate how these approaching deadlines necessitate

hearing its motion to exclude evidence on an emergency basis. Accordingly, the Court determines that this matter, as it is currently framed, is not an emergency.

Further, Wal-Mart states that the parties met and conferred regarding the documents at the heart of this matter which Wal-Mart argues should have been produced. Additionally, on May 2, 2013, the Plaintiff agreed to produce at least half of those documents and to stipulate to an extension of the expert disclosure deadline. The parties were not, however, able to reach an agreement concerning what language to put in the stipulation.[1] Nevertheless, because a partial agreement was reached, it appears as though Wal-Mart is seeking Court action on issues on which the parties have already reached an agreement.  One of the key purposes of a meet and confer is to narrow the issues. *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  Thus, those issues on which the parties have already reached agreement are not properly before the Court.

Accordingly, Wal-Mart's Motion (#15) is DENIED without prejudice.  To the extent Wal-Mart continues to seek relief with respect to the production of documents, it should properly file a motion to compel and/or motion to extend.

IT IS SO ORDERED.

DATED: May 22, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] According to Wal-Mart, the Plaintiff objected to any language that indicated the extension was needed do to the Plaintiff's failure to timely disclose documents.