1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                              DISTRICT OF NEVADA

9                                      * * *

10    PATRICIA NEWELL,                          )
                                                )
11                           Plaintiffs,        )          2:13-cv-00123-RJC-NJK
                                                )
12    vs.                                       )
                                                )
13    WAL-MART STORES, INC.,                    )              **O R D E R**
                                                )
14                                              )
15                           Defendants.        )
      _____)

16           This matter comes before the Court on the Defendant's Motion to Compel Plaintiff to

17    Comply with FRCP 26(a)(1)(A)(iii) and for Extension of Defendant's Expert Disclosure

18    Deadline to 60 Days After the Plaintiff Provides Rule-Compliant Disclosures of Her Damages

19    (#18). The Court has considered the Defendant's Motion (#18), the Plaintiff's Limited

20    Opposition (#20), and the Defendant's Reply (#21).

21                                   **BACKGROUND**

22    **I.      Factual Background**

23           On January 2, 2011, Plaintiff Patricia Newell allegedly slipped and fell at a Wal-Mart

24    store in Las Vegas, Nevada. According to Newell, the fall caused her numerous injuries and she

25    has undergone extensive therapy and medical treatment, including a lumbar laminectomy and a

26    microlumbar discectomy on August 16, 2011. Additionally, Newell's doctor has recommended a

27    2-level fusion.

28    ...

1    **II.        Procedural Background**

2          Newell filed this case on November 26, 2012, in Nevada District Court. On January 22,

3    2013, Wal-Mart removed the case to the United States District Court for the District of Nevada.

4    On March 1, 2013, the Court entered a discovery plan and scheduling order setting a discovery

5    deadline of July 21, 2013. The initial expert deadline was May 22, 2013.

6          On March 11, 2013, Newell provided her Fed.R.Civ.P. 26(a) disclosures.[1] Both parties

7    agree that Newell's initial disclosures included a computation of damages and supporting

8    documentation regarding her past medical damages claim, documentation regarding her future

9    medical damages claim, and a statement that "at trial, the jury will decide upon a sum of money"

10   for the past wage loss, future wage loss and earning capacity, and loss of household services

11   claims. *See* Docket No. 20-1. On March 29, 2013, Newell supplemented her initial disclosures.

12   The supplement outlined five categories of damages and the amounts each as follows:

13          Past Medical and Related Expenses                    $63,121.99

14          Future Medical and Related Expenses                  $158,000-$173,160

15          Past Wage Loss                                       $1,280

16          Future Wage Loss and Earning Capacity                $83,200

17          Loss of Household Services                           $327,449

18          Total Special Damages                                $633,050.99-$648,210.99

19   *See* Docket No. 20-2.

20         On May 3, 2013, Newell provided her expert report, a letter from her treating physician

21   regarding her future medical damages (which was also provided on March 11, 2013), and two W-

22   2 forms from 2010 and 2011. According to Wal-Mart, the expert report concerns damages for the

23   loss of household services, but it does not address the past wage loss damages or future wage loss

24   and earning capacity damages. Docket No. 21 at 6. Newell states that the expert report concerns

25   "future damages." Docket No. 20 at 4.

26   ...

27

28         _____

           [1] The disclosures were due February 28, 2013. *See* Docket No. 11 at 1.

1    In the present motion, Wal-Mart seeks a court order which compels Newell to produce

2    documentation and calculations for her  past wage loss damages and future wage loss and earning

3    capacity damages. Additionally, Wal-Mart seeks an additional 60 days after such disclosures are

4    made to disclose its experts.

5                                    **DISCUSSION**

6    **I.      Motion to Compel Rule-Compliant Damages Disclosures**

7         Wal-Mart asserts that Newell's disclosures do not comply with Fed.R.Civ.P.

8    26(a)(1)(A)(iii).

9         Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii), a party's initial disclosures must include:

10        a computation of each category of damages claimed by the disclosing party—who must
          also make available for inspection and copying as under Rule 34 the documents or other

11        evidentiary material, unless privileged or protected from disclosure, on which each
          computation is based, including materials bearing on the nature and extent of injuries

12        suffered

13        Thus, all initial disclosures must include a computation of each category of damages and

14   any documentation on which each computation is based. However, under Fed.R.Civ.P. 26(e), "if

15   the party learns that in some material respect the disclosure or response is incomplete or

16   incorrect, and if the additional or corrective information has not otherwise been made known to

17   the other parties during the discovery process or in writing," the disclosing party "must

18   supplement or correct its disclosure or response in a timely manner." Fed.R.Civ.P. 26(e).

19        **A. Past Medical and Related Expenses and Future Medical and Related Expenses**

20        Wal-Mart does not dispute that Newell provided documentation and a calculation for her

21   past medical and related expenses on March 11, 2013. Although the disclosure was 11 days late,

22   the delay appears to have been harmless. As Wal-Mart points out, it still had "72 of the allotted

23   83 days to defend itself against these claims." Docket No. 21 at 8.

24        The same is true for Newell's future medical and related expenses. Wal-Mart asserts that

25   Newell provided documentation of her future medical and related expenses on March 11, 2013,

26   but did not provide a calculation until March 29, 2013. The documentation Wal-Mart refers to is

27   a letter from Newell's treating physician regarding her future medical damages. Having reviewed

28   the letter, the Court finds that it includes estimates of Newell's future medical expenses and,

1  therefore is sufficient under Fed.R.Civ.P. 26(a)(1)(A)(iii). Thus, the disclosure was only 11 days

2  late and readily remedied.

3         **B. Past Wage Loss Damages and Future Wage Loss and Earning Capacity Damages**

4         According to Wal-Mart, it has not received documentation or a calculation concerning

5  Newell's past and future wage loss damages. Although Newell does not specifically respond to

6  this allegation, she asserts that: (1) she has provided wage loss documents, (2) she has continued

7  to supplement information as it has become available, and (3) certain types of damages can only

8  be supported by expert testimony. Specifically, she argues, future damages can not be included in

9  her disclosures until experts have been disclosed.

10        The "wage loss documents" Newell refers to are presumably the W-2 forms from 2010

11 and 2011 which she produced on May 3, 2013.  However, based on these two forms, it is unclear

12 how she arrived at her damages amounts of $1,280 in Past Wage Loss and $83,200 in Future

13 Wage Loss and Earning Capacity. Thus, to date, Newell has not complied with Fed.R.Civ.P.

14 26(a)(1)(A)(iii), because she has not provided a calculation.[2] Additionally, if Newell relied on

15 any additional documentation to support her wage loss damages claims, she must provide those

16 as well.

17        Newell's argument that she has continued to supplement information as it has become

18 available does not explain her failure to provide proper documentation and calculations for her

19 wage loss claims.  First, the W-2 forms Newell produced on May 3, 2013, are from 2010 and

20 2011. Thus, they were available and should have been produced on February 28, 2013, when they

21 were due. Newell provides no apparent justification for the two month delay. Second, as early as

22 March 29, 2013, Newell had clearly calculated her wage loss claims, because she indicated her

23 damages were $1,280 in Past Wage Loss and $83,200 in Future Wage Loss and Earning

24 Capacity. Yet, despite providing those lump sum totals, she did not indicate how she calculated

25 those amounts.  Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii), Wal-Mart is entitled to those

26

27      [2]Newell states that the expert report concerns "future damages." Docket No. 20 at 4. However, Newell's May 22, 2013, supplement to the expert disclosures pursuant to FRCP 26(A)(2) does not indicate that wage loss calculations have been provided. *See* Docket No 21-14, Exhibit N.

28 If such a calculation has been provided, it is not apparent from the information before the Court.

1   calculations.

2        Finally, Newell's contention that certain types of damages, such as future damages, can

3   only be supported by expert testimony does not relieve her from the obligation to provide

4   information reasonably available. See *Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875. *2 (D.

5   Nev. Aug. 7, 2012); citing *Frontline Medical Assocs., Inc. v. Coventry Health Care,* 263 F.R.D.

6   567, 569 (C.D.Cal.2009).  Thus, the documents and computation she used to arrive at her lump

7   sum totals must be provided to Wal-Mart.

8        **C. Loss of Household Services**

9        Wal-Mart argues that it did not receive any documentation or calculations for Newell's

10  loss of household services damages claims until May 3, 3013, when Newell disclosed the expert

11  report of Terrence's M Clauretie, Ph.D.. Newell asserts that this disclosure was proper because

12  certain types of damages can only be supported by expert testimony. However, on March 29,

13  2013, Newell indicated that her loss of household services damages were $327,449. Thus, she

14  clearly used some calculation prior to obtaining expert testimony. Under Fed.R.Civ.P.

15  26(a)(1)(A)(iii), Wal-Mart is entitled to know what documentation and calculation she used to

16  arrive at the amount of $327,449, on March 29, 2013.

17       Further, even though Newell has provided an expert report which is likely intended to

18  provide a more accurate calculation of loss of household services damages, that does not excuse

19  Newell from her Fed.R.Civ.P. 26(a)(1)(A)(iii) obligation to provide Wal-Mart with the

20  documentation and calculation she used prior to obtaining an expert. Accordingly, Newell must

21  provide this information if she has not done so already.

22  **II.   Motion to Extend Defendant's Expert Disclosure Deadline**

23       Wal-Mart argues that it has been prejudiced by not receiving the documentation and

24  calculations, discussed above, earlier in the discovery process. According to Wal-Mart, it  needs

25  a 60 day extension of its expert disclosure deadline, from the date Newell makes the required

26  disclosures, in order to prepare and retain expert witnesses in order to cure the prejudice. Wal-

27  Mart previously requested that Newell stipulate to this extension, but the parties could not agree

28  on the wording of the stipulation. In response to Wal-Mart's motion, Newell indicates that she

1   does not oppose the extension, but she would like the extension to apply to both parties and

2   further, she believes 30 to 45 days should be sufficient.

3          Applications to extend discovery dates must be supported by good cause. LR 26-4. The

4   good cause standard primarily considers the diligence of the party seeking the amendment.

5   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The scheduling order

6   can be modified if it cannot reasonably be met despite the diligence of the party seeking the

7   extension. *Id*. Good cause may be found if the moving party can show that it could not comply

8   with the schedule due to matters that could not have been reasonably foreseen at the time of the

9   issuance of the scheduling order. *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687

10  (E.D. Cal. 2009).  If the moving party was not diligent, the inquiry should end. *Zivkovic v. S.*

11  *California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Mammoth Recreations, Inc.*, 975

12  F.2d at 609.  However, the Court has broad discretion in supervising the pretrial phase of

13  litigation. *Zivkovic*, 302 F.3d at 1087.

14         Here, the Court finds that Wal-Mart has shown good cause for an extension. It made

15  numerous efforts to obtain the damages information earlier in discovery and is not at fault for the

16  delay. Additionally, although such an extension can disrupt the schedule of the Court, the Court

17  finds that in this case an extension of Wal-Mart's expert disclosure deadline is the most

18  appropriate course of action because it will allow Wal-Mart to retain expert witnesses and it will

19  cure any prejudice. Newell, however, has not shown good cause for an extension of her expert

20  disclosure deadline and, therefore, the extension will not apply to her.

21         As for the length of Wal-Mart's extension, the Court finds that 45 days from the issuance

22  of this order is sufficient.

23  **III.    Request for Sanctions**

24         Wal-Mart has requested, pursuant to Fed.R.Civ.P. 37(a)(5), that the Court order Newell

25  and/or her counsel to pay the reasonable expenses, including attorney's fees, incurred in making

26  its motion.

27         Under Fed.R.Civ.P. 37(a)(5), if a motion to compel is granted, the Court must require the

28  party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in

1  making the motion, including attorney's fees. Fed.R.Civ.P. 37(a)(5). However, the Court must

2  not order this payment if the opposing party's nondisclosure, response, or objection was

3  substantially justified. *Id*.

4          Here, the Court finds that Newell's response, although incorrect, was substantially

5  justified. Newell had already made many of the contested disclosures, and additionally, she was

6  attempting to properly supplement her deficient disclosures. Accordingly, sanctions are not

7  warranted.

8                                    **CONCLUSION**

9          Based on the foregoing, and good cause appearing therefore,

10         IT IS HEREBY ORDERED that  Defendant's Motion to Compel Plaintiff to Comply

11  with FRCP 26(a)(1)(A)(iii) and for Extension of Defendant's Expert Disclosure Deadline to 60

12  Days After the Plaintiff Provides Rule-Compliant Disclosures of Her Damages (#18 is

13  **GRANTED in part and DENIED in part**;

14         IT IS FURTHER ORDERED that the Defendant's request for an Order to compel FRCP

15  26(a)(1)(A)(iii) compliant disclosures is GRANTED;

16         IT IS FURTHER ORDERED that the Plaintiff must make FRCP 26(a)(1)(A)(iii)

17  compliant disclosures within 7 days of the issuance of this Order;

18         IT IS FURTHER ORDERED that Defendant's request for an extension of its expert

19  disclosure deadline is GRANTED;

20         IT IS FURTHER ORDERED that the Defendant's expert disclosure deadline is extended

21  for a total of 45 days from the issuance of this Order;

22         IT IS FURTHER ORDERED that the Defendant's request for reasonable expenses and

23  attorney's fees is DENIED.

24         DATED this __21__ day of June, 2013

25

26

27         _____

28         NANCY J. KOPPE
           United States Magistrate Judge