1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PATRICIA NEWELL,                    )
                                    )
                                    )
                    Plaintiffs,     )          2:13-cv-00123-RJC-NJK
                                    )
vs.                                 )
                                    )
WAL-MART STORES, INC.,              )          **O R D E R**
                                    )
                                    )
                    Defendants.     )
_____    )

Before the Court is the Defendant's Motion for Sanctions, Pursuant to FRCP 37(b)(2)(A), for Plaintiff's Failure to Comply with this Court's Previous Order (#25). The Court has considered the Defendant's Motion (#25) and the Plaintiff's Response (#26). The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

## BACKGROUND

On June 21, 2013, ths Court granted in part and denied in part Defendant Wal-Mart's Motion to Compel. Docket No. 22. In that Order, the Court found that the Plaintiff's damages disclosures did not fully comply with Fed.R.Civ.P. 26.

With regards to the Plaintiff's past wage loss damages and future wage loss and earning capacity damages, the Plaintiff provided lump sum amounts for those damages, but no calculation of those damages. *Id*., at 4. Accordingly, the Court ordered the Plaintiff to provide Wal-Mart with the documents and computation she used to arrive at those lump sum totals. *Id*., at

1    5. As for the Plaintiff's loss of household services damages, the Court ordered the Plaintiff to

2    provide Wal-Mart with the documents and calculations she used to arrive at the damages amount

3    she disclosed prior to disclosing her expert's calculation. *Id.* The Order made clear that the

4    Plaintiff was to provide the Defendant with the additional disclosures no later than June 28,

5    2013. *Id.*, at 7.

6         On July 10, 2013, Wal-Mart filed the present motion asserting that, despite ongoing

7    efforts by Defense counsel to meet and confer and obtain the required disclosures, the Plaintiff

8    has not complied with this Court's Order. Docket No. 25. In response, the Plaintiff asserts that

9    she "has complied with her duty to disclose damages from the onset of discovery." Docket No.

10   26, at 4.  Additionally, according to the Plaintiff, on July 11, 2013, she withdrew her claim of

11   future loss of wages and earning capacity subject to reservation of rights. *Id.,* at 3.

12                                    **DISCUSSION**

13   **I.      The Plaintiff Violated the Court's June 21, 2013, Order**

14        The Plaintiff's assertion that she has complied with her duty to disclose damages from the

15   onset of discovery is incorrect. As the Court explained in detail in its June 21, 2013, order, the

16   Plaintiff made late and incomplete damages disclosures and she was required to correct her

17   mistakes by June 28, 2013.[1] Nevertheless, the Plaintiff admits in her response that she made no

18   additional disclosures between June 21, 2013, and June 28, 2013. Docket No. 26 at 3. Therefore,

19   the Plaintiff violated the June 21, 2013, Court Order.

20        Additionally, although the Plaintiff asserts that she made additional disclosures on July 3,

21   2013, and July 11, 2013, she does not explain how those disclosures satisfied the majority of the

22   information the Court ordered her to disclose by June 28, 2013.  The Plaintiff asserts that she

23   withdrew her claim of future loss of wages and earning capacity, but that does not explain why

24   she did not disclose the documents and calculations related to her other damages claims as

25   required by Rule 26 and this Court's Order. Her failure to provide that information is a clear

26   violation of the Court's Order.

27   _____

28        [1]To the extent that the Plaintiff's Response implies that the Court's prior order was incorrect, the time for the Plaintiff to object to that order has passed. *See* LR IB 3-2.

## II.    Appropriate Sanction

In response to the Plaintiff's failure to comply with the June 21, 2013, Order, Wal-Mart requests that the Court impose the ultimate sanction. According to Wal-Mart, "it is certain that no sanction less than dismissal of these claims would provide effective deterrence." Docket No. 25 at 8.

Failure to comply with the Court's discovery orders can result in sanctions, including the terminating sanction of entry of default judgment.  Fed. R. Civ. P. 37(b)(2); *see also Hester v. Vision Airlines*, 687 F.3d 1162, 1169-71 (9th Cir. 2012). Rule 37 authorizes dismissal of a complaint, entry of default judgment, and awards of fees and costs as discovery sanctions. Generally, Rule 37 authorizes discovery sanctions where there has been willful noncompliance with a discovery order of the court. Also, courts have inherent equitable powers to dismiss actions or enter default judgments for abusive litigation practices. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987). However, striking a party's pleadings "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986).

Due process requires that the sanctions for discovery abuses be just and that the sanctions relate to the claims which were at issue in the discovery order which is violated. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983).  A district court must weigh five factors in considering such a penalty: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits and 5) the availability of less drastic sanctions." *Id*. The Ninth Circuit affirms dismissal where at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998).

Here, the Court finds that dismissal of the Plaintiff's damages claims would be too harsh of a penalty. The Plaintiff has not greatly delayed this case by failing to produce the Court-ordered disclosures. Rather, discovery is still ongoing and the Plaintiff has made numerous other disclosures relating to her damages claims. Therefore, allowing this case to continue will not

interfere with the Court's management of its docket. Next, although Wal-Mart has been prejudiced by the Plaintiff's failure to comply with Rule 26 and this Court's order, that prejudice is not severe enough to justify dismissing this case. The Plaintiff has already produced a significant amount of damages information and Wal-Mart is free to move for or stipulate to an extended expert disclosure deadline if necessary. Finally, less drastic sanctions are available, including the costs and fees Wal-Mart was forced to incur in bringing this motion. Had the Plaintiff read the Court's prior order and made the relatively minor disclosures it required, Wal-Mart and the Court would have been spared the resources allocated to resolve this dispute.

Accordingly, the Plaintiff is hereby **ORDERED** to show cause in writing, no later than August 12, 2013, why she should not be sanctioned in the amount of Wal-Mart's costs and fees associated with bringing the instant motion and/or a Court fine in an amount up to $1,000.  Wal-Mart may file a response no later than August 19, 2013, and the Plaintiff may file a reply no later than August 21, 2013.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that  Defendant's Motion for Sanctions, Pursuant to FRCP 37(b)(2)(A), for Plaintiff's Failure to Comply with this Court's Previous Order (#25) is **DENIED in part and GRANTED in part**.

**IT IS FURTHER ORDERED** that the Defendant's request for dismissal of claims **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff must comply with this Court's June 21, 2013, Order no later than August 9, 2013.

**IT IS FURTHER ORDERED** that the Plaintiff shall show cause in writing, no later than August 12, 2013, why she should not be sanctioned in the amount of Wal-Mart's costs and fees associated with bringing the instant motion and/or a Court fine in an amount up to $1,000.  Wal-Mart may file a response no later than August 19, 2013, and the Plaintiff may file a reply no later than August 21, 2013.

DATED this __2nd__ day of August, 2013

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**

- 5 -